# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

F&A MANAGEMENT, LLC, an Arizona Limited Liability Company,

    Plaintiff,

v.

ORIN R. OLDEN, aka RICHARD OLDEN; BERNADETTE M. OLDEN; ERIC M. OLDEN; WASHWORKS LLC, a Nevada Limited Liability Company; OLDEN ENTERPRISES LLC, a Nevada Limited Liability Company; SIENA VENTURES LLC, a Nevada Limited Liability Company; and ROE CORPORATION I through V,

    Defendants.

Case No. 2:11-CV-00132-LDG

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

    Plaintiff F&A Management brought this suit against the Defendants for payment of money owed under a Promissory Note (the "Note"). Defendants are the guarantors of the Note under which Siena Investments, LLC borrowed $1,705,000.00 and subsequently defaulted. Defendants moved to dismiss the action (#6, response #7) contending that a supposed "forum selection clause" found in the Note requires the parties to submit to the jurisdiction of the courts of Clark County, Nevada.

    A motion to dismiss based on the existence of a forum selection clause may be brought as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Interpretation and enforcement of forum clauses are procedural issues to be decided under federal law. See Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988). A forum selection clause is presumptively valid and should be set aside only if enforcement would be unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

Defendants assert that F&A was obligated to bring their suit in state court. They rely on the following provisions found in the Promissory Note and in the Guaranties:

> Governing Law. This Guaranty will be governed by federal law applicable to Lender, and to the extent not preempted by federal law, the laws of the State of Nevada without regard to its conflicts of laws provisions. This Guaranty has been accepted by Lender in the State of Nevada.
> Choice of Venue. If there is a lawsuit, Guarantor agrees upon Lender's request to submit to the jurisdiction of the courts of Clark County, State of Nevada.

Commercial Guaranty, p. 2. Plaintiff points out that the second of these clauses is titled "Choice of Venue," and not "Choice of Forum," and that choice of venue provisions are not generally exclusive. Even if the clause was intended to be a forum selection clause, there is no language to indicate that the forum selection is mandatory. A forum selection clause is "permissive rather than mandatory" when it does not state that a particular court has exclusive jurisdiction. Kachal, Inc. v. Menzie, 738 F. Supp. 371, 373 (D. Nev. 1990) (citing Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987)). "Mandatory forum selection clauses contain language such as 'exclusive' or 'only.'" Id. at 373-74. Here the Choice of Venue provision does not contain any such mandatory language and only takes effect "upon Lender's request." Furthermore, the Governing Law provision does not imply an intent to preclude federal diversity jurisdiction. The provision merely states that Nevada law would apply where not preempted by federal law. Accordingly,

THE COURT HEREBY ORDERS that Defendant's motion to dismiss (#6) is DENIED.

DATED this 17 day of June, 2011.

_____
Lloyd D. George
United States District Judge

2